## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS-WESTERN DIVISION

| | | |
|---|---|---|
| ROCKFORD PARK DISTRICT, an Illinois Unit of Local Government, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. **1:08-cv-2676** |
| TIG INSURANCE COMPANY, as successor by merger to INTERNATIONAL INSURANCE COMPANY, a foreign corporation, Defendant. | ) ) ) ) ) ) ) | Honorable Philip G. Reinhard Honorable P. Michael Mahoney |

### DEFENDANT, TIG INSURANCE COMPANY, AS SUCCESSOR BY MERGER TO INTERNATIONAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant, TIG INSURANCE COMPANY, as successor by merger to INTERNATIONAL INSURANCE COMPANY, a foreign corporation, ("TIG") by and through its attorneys, Clausen Miller P.C., and for its Answer to the Complaint of Plaintiff, Rockford Park District, ("Park District"), states as follows:

1.    Paragraph 1 contains allegations describing Plaintiff's Complaint to which no response is required. To the extent that a response is required, TIG admits only that Plaintiff has brought an action for declaratory judgment. TIG denies that plaintiff is entitled to any relief from TIG in this action. TIG further answers that the allegations in paragraph 1 are conclusions to which no answer is required. To the extent an answer is required, TIG denies that the Park District is entitled to any relief as plead, and further denies subparagraphs (a) through (b).

2.    The allegations in paragraph 2 are conclusions to which no answer is required. To the extent an answer is required, TIG denies that the Park District is entitled to any relief as plead.

1185329.1

3.      TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

4.      TIG admits that International Insurance Company was a corporation that issued insurance policies to citizens of Illinois, and was doing business in Illinois, and merged into TIG. on or about December 16, 2002.  TIG denies the remaining allegations of paragraph 4.

5.      TIG admits only that International Insurance Company issued a primary policy under Policy No. 500205228 ("the policy") with coverage provided pursuant to the terms, conditions, limitations and exclusions of the policy issued and answers further that the policy speaks for itself.  To the extent that the allegations of paragraph 5 and the Complaint are inconsistent with the policy, TIG denies said allegations.  TIG has insufficient knowledge or information upon which to form a belief as to whether International Insurance Company issued alleged policy no. 522 0537454; to the extent this policy exists TIG denies that it has any financial responsibility for alleged policy no 522 0537454.  TIG denies the remaining allegations of paragraph 5.

6.      TIG admits only that International Insurance Company issued a primary policy under Policy No. 500205228 with coverage provided pursuant to the terms, conditions, limitations and exclusions of the policy issued and answers further that the policy speaks for itself. To the extent that the allegations of paragraph 6 and the Complaint are inconsistent with the policy, TIG denies said allegations. TIG admits that it has agreed to participate in the Rockford Park District's defense in the underlying action, subject to a reservation of rights, and neither admits nor denies the remaining allegations of paragraph 6, but demands strict proof thereof.

2

7.    TIG has insufficient knowledge or information upon which to form a belief as to whether International Insurance Company issued alleged policy no. 522 0537454; to the extent this policy exists TIG denies that it has any financial responsibility for alleged policy no 522 0537454.  TIG denies the remaining allegations of paragraph 7.

8.    TIG denies the allegations of paragraph 8.

9.    TIG admits only that it has agreed to participate in the defense of Park District, subject to a reservation of rights, and to the extent the Park District attempts to characterize TIG's position, such is a breach of confidentiality attaching to statements made only under strict confidentiality in mediation, and TIG denies the remaining allegations of paragraph 9.

10.    TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

11.    TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

12.    TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

13.    TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

1185329.1

14.     TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

15.     TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

16.     TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

17.     TIG denies the allegations of paragraph 17.

18.     TIG admits only that the State of Illinois complaints attached as Exhibits C and D speak for themselves; TIG denies the remaining allegations of paragraph 18.

19.     TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

20.     TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

21.     TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

22.    TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

23.    TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

24.    TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

25.    TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

26.    TIG admits only that it received a letter from the Park District dated November 10, 2004, and that the letter speaks for itself.  TIG denies the remaining allegations of paragraph 26.

27.    TIG admits only that it sent a letter to the Park District dated April 26, 2005, and that the letter speaks for itself.  TIG denies the remaining allegations of paragraph 27.

28.    TIG denies the allegations of paragraph 28.

29.    TIG admits only that the State of Illinois filed a complaint on or about December 28, 2005, which speaks for itself; and for the remaining allegations, TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

5

30.     TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

31.     TIG admits only that it sent a letter to the Park District dated March 17, 2006, and that the letter speaks for itself.  TIG denies the remaining allegations of paragraph 31.

32.     TIG admits only that the Park District has provided it with some additional information and that its investigation has continued.  TIG denies the remaining allegations of paragraph 32.

33.     TIG admits only that it is participating in the defense of the Park District under a full reservation of rights, and to the extent the Park District attempts to characterize TIG's position, such is a breach of confidentiality attaching to statements made only under strict confidentiality in mediation, and TIG denies the remaining allegations of paragraph 33.

34.     TIG admits only that the allegations in the underlying suit speak for themselves. Further answering, TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 34, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

35.     TIG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35, and, therefore, neither admits nor denies the same, but demands strict proof thereof.

36.     TIG admits only that the Park District forwarded a letter to TIG dated November 10, 2004, and that the letter speaks for itself.  TIG denies the remaining allegations of paragraph 36.

37.     TIG admits only that the Park District forwarded a letter to TIG dated January 14, 2006, and answers only that the letter speaks for itself.  TIG denies the remaining allegations of paragraph 37.

38.     TIG admits only that it is participating in the defense of the Park District under a full reservation of rights, and to the extent the Park District attempts to characterize TIG's position, such is a breach of confidentiality attaching to statements made only under strict confidentiality in mediation, and TIG denies the remaining allegations of paragraph 38.

39.     TIG incorporates its answers to paragraphs 1-38 for its answer to paragraph 39, as though fully set forth herein.

40.     TIG admits only that International Insurance Company issued a primary policy under Policy No. 500205228 with coverage provided pursuant to the terms, conditions, limitations and exclusions of the policy issued and answers further that the policy speaks for itself.

41.     TIG denies the allegations of paragraph 41.

42.     TIG denies the allegations of paragraph 42.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

43.     The Complaint fails to state a claim against TIG upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

44.     The Park District's claims against TIG may be barred, in whole or in part, by the doctrine of laches, waiver, release, accord and satisfaction, estoppel, unclean hands and/or by the applicable Statute of Limitations.

7

## THIRD AFFIRMATIVE DEFENSE

45.    The Park District's claims against TIG may be barred, in whole or in part, because all conditions precedent and subsequent to the establishment of liability coverage or duty to defend, if any, under the policy issued by International have not been satisfied or fulfilled.

## FOURTH AFFIRMATIVE DEFENSE

46.    The International policy only provides coverage for an "occurrence" happening during the policy period as defined in the policy.  Some or all of the circumstances for which the Park District seeks coverage, may not constitute an "occurrence," may not have been fortuitous, contingent or unknown risks or may have been circumstances which were "expected" or "intended" from the standpoint of the insured, as those terms are used and/or defined in the policy issued by International, thus precluding coverage.

## FIFTH AFFIRMATIVE DEFENSE

47.    The International policy does not apply to damage to or destruction or loss of property owned by the Insured. Some or all of the circumstances for which the Park District seeks coverage, may include damage to or destruction or loss of property owned by the Insured, thus precluding coverage for those damages.

## SIXTH AFFIRMATIVE DEFENSE

48.    There may be no coverage for some or all of the claims because such claims may not be based upon a "loss," "property damage," "bodily injury," "personal injury," or "occurrence" as those terms are used and defined in the International policy or any form of damage or "damages" as to which coverage is afforded under the terms and conditions of the International policy.

## SEVENTH AFFIRMATIVE DEFENSE

8

49.    The International policy may not apply to remedial actions or costs thereof or to damages for injury to, destruction of, or loss of natural resources, including the cost of assessing such injury, destruction, or loss.  The International does not cover ordinary business expenses which the Park District was required to incur for conservation and environmental cleanup as part of its ongoing business operations

## EIGHTH AFFIRMATIVE DEFENSE

50.    To the extent some or all of the liabilities for which the Park District may seek coverage arise solely or primarily from circumstances, injury and/or loss which did not take place during any effective period of coverage provided by the International policy, there is no coverage.

## NINTH AFFIRMATIVE DEFENSE

51.    The International policy does not provide coverage for, or excludes from coverage, loss or damage which constitutes, represents, or arises out of fines, penalties or punitive or exemplary damages.  Moreover, some or all of the insured's claims may be barred by considerations of public policy. the event that any claim by the insured is construed to seek punitive damages, recovery of such punitive damages is unconstitutional in that they violate the excessive fines clause of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and corresponding provisions of the applicable Illinois State Constitution.

## TENTH AFFIRMATIVE DEFENSE

52.    The International policy does not provide coverage for, or excludes from coverage, loss or damage which constitutes, represents, arises out of claims, demands or suits seeking non pecuniary or injunctive relief.

9

## ELEVENTH AFFIRMATIVE DEFENSE

53.    The International policy does not apply to claims or losses alleged to be based upon or attributable to intentional misconduct, willful, wanton or reckless behavior, or activity that is in violation of any statute, regulation, ordinance or instruction of any government body or public policy.

## TWELFTH AFFIRMATIVE DEFENSE

54.    The Park District's claims against TIG may be barred and precluded or limited in whole or in part, by the provisions, terms, exclusions, definitions, limitations and conditions of the International policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

55.    To the extent that costs and expenses claimed to have incurred were neither reasonable nor necessary, or were incurred voluntarily or without the prior written consent of TIG, coverage is precluded.

## FOURTEENTH AFFIRMATIVE DEFENSE

56.    Upon information and belief, the International policy does not apply to claims arising out of liability of others which have been assumed under a contract, merger or agreement.

## FIFTEENTH AFFIRMATIVE DEFENSE

57.    Any recovery against International must be reduced to the extent the damages were not mitigated, minimized or avoided.

## SIXTEENTH AFFIRMATIVE DEFENSE

58.    TIG's liability, if any, under the International policy does not attach unless and until all the self-insured retentions and/or deductibles (including self-insured retentions and/or deductibles that apply "per occurrence") have been paid by the insured.

10

1185329.1

## SEVENTEENTH AFFIRMATIVE DEFENSE

59.     To the extent the Park District, or its affiliates, agents, brokers or other representatives, intentionally or unintentionally, failed to disclose, concealed, omitted or misrepresented facts material to the risks at issue in this litigation to International, all claims under the International policy at issue herein are barred and, furthermore, the equitable doctrines of rescission and reformation may apply.

## EIGHTEENTH AFFIRMATIVE DEFENSE

60.     To the extent any insurance at the same level of coverage of the policy issued by International were issued by an insurance carrier that is now or in the future becomes insolvent, the International policy does not "drop over".

## NINETEENTH AFFIRMATIVE DEFENSE

61.     Upon information and belief, the insured has failed to perform all of its obligations under the International policy.

## TWENTIETH AFFIRMATIVE DEFENSE

62.     To the extent that the claims alleged in Plaintiffs' Complaint arose out of hazards, conditions, risks or losses known to the insured before the effective date of the International policy, such claims are barred.  Also, the International policy does not provide coverage for losses, claims, or harm already in existence prior to the effective date of such policy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

63.     TIG seeks and asserts a set-off of any liability based upon the existence of applicable coverage.

11

## TWENTY-SECOND AFFIRMATIVE DEFENSE

64.    There is no coverage for claims based on public or private nuisance because such claims do not constitute "bodily injuries," "personal injury," or "property damage" as those terms are defined in the International policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

65.    The Park District's claims may be barred in whole or in part by reason of the existence of other insurance policies, including policies with respect to which the International policy was previously, subsequently or contemporaneously effective, and by reason of the "other insurance" clause contained in the International policy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE.

66.    The Park District was at all times represented by counsel of its choosing with regard to the underlying claims or suits, and no harm, injury or damage resulted from TIG's coverage positions, which are well grounded in fact and in law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

67.    TIG's liability, if any, is restricted to the per occurrence per policy period limit and/or aggregate limit as stated in the International policy at issue herein.  Coverage under the International policy is barred, in whole or in part, to the extent any applicable per occurrence and/or aggregate limit has been impaired by prior payments.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

68.    The International policy may exclude coverage for damages to premises that were sold, given away, abandoned, or alienated.

1185329.1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

69.     Any liability of TIG under the International policy must be reduced by the proper allocation of liability among all applicable insurance policies.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

70.     The International Policy No. 500205228 was initially issued for the period January 1, 1984 to January 1, 1987, but was cancelled effective January 1, 1986.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

71.     To the extent TIG was not afforded timely, sufficient and appropriate written notice of losses, claims, occurrences and/or suits, as required by the International policy, coverage is barred.

## THIRTIETH AFFIRMATIVE DEFENSE

72.     To the extent the International policy contains a pollution and/or contamination exclusion, such exclusion may exclude coverage for the underlying environmental claims against Plaintiff.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

73.     To the extent TIG makes any payment to Plaintiff under the International policy at issue, TIG is subrogated to Plaintiff's rights of recovery against any person relating to the loss for which payment was made.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

74.     To the extent Plaintiff cannot prove the existence or material terms and exclusions of the allegedly issued insurance policies under which it seeks coverage, Plaintiff is denied any coverage under such lost policy(ies).

## THIRTY -THIRD AFFIRMATIVE DEFENSE

75.     To the extent some or all of the costs for which Plaintiff may seek coverage were incurred, paid, due or owing solely or in part prior to notice being provided to TIG, such pretender costs are not recoverable.

## THIRTY -FOURTH AFFIRMATIVE DEFENSE

76.     To the extent the International policy responds to Plaintiff's claim, the defense costs are included within the policy limits and erode the limits.

## THIRTY -FIFTH AFFIRMATIVE DEFENSE

77.     TIG reserves the right to offer additional defenses which cannot now be articulated due to the Park District's failure to particularize its claims or due to the Park District's failure to attach to its Complaint complete and accurate copies of the International insurance policy or copies of any other critical documents that may bear on the Park District's alleged insurance, or due to the Park District's failure to provide more specific information concerning the nature of the environmental claims for which it seeks coverage.  Upon further particularization of the claims by the Park District or upon discovery concerning the terms, provisions, conditions, limitations and exclusions of the International policy, or upon discovery of further information concerning the Park District's environmental claims, TIG reserves the right to assert additional defenses or supplement, revise or omit those asserted herein.

WHEREFORE, TIG INSURANCE COMPANY, as successor by merger to INTERNATIONAL INSURANCE COMPANY, a foreign corporation, respectfully requests that this Court grant judgment in its favor as follows:

14

1.      That the claims against TIG INSURANCE COMPANY, as successor by merger to INTERNATIONAL INSURANCE COMPANY, a foreign corporation, be dismissed with prejudice;

2.      That judgment be entered on TIG INSURANCE COMPANY's Affirmative Defenses;

3.      That this Court declare that TIG INSURANCE COMPANY is not obligated to defend, investigate or indemnify the Park District with respect to the environmental claims or potential claims identified in the Complaint;

4.      TIG be awarded its costs, attorneys' fees and expenses; and

5.      That this Court grant such other further relief as may be just and proper.

Dated this 30th day of May, 2008

Respectfully submitted,

/s/ Ilene M. Korey
Ilene M. Korey  #6185645
CLAUSEN MILLER P.C.

Margaret J. Orbon
Ilene M. Korey #6185645
**CLAUSEN MILLER P.C.**
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010

Attorneys for TIG INSURANCE COMPANY, by merger to International Insurance Company

1185329.1