IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ROCKFORD PARK DISTRICT, an Illinois Unit of Local Government, | ) ) ) |
| Plaintiff. | ) |
| vs. | ) ) |
| TIG INSURANCE COMPANY, as successor by merger to INTERNATIONAL INSURANCE COMPANY, a foreign insurance corporation, | ) Case No.: 08 C 2676 ) ) ) ) |
| _____Defendant. | ) ) ) |

## PLAINTIFF, ROCKFORD PARK DISTRICT'S
## ANSWER TO AFFIRMATIVE DEFENSES

Plaintiff, the ROCKFORD PARK DISTRICT, an Illinois local unit of municipal government, by its attorney, Marc C. Gravino of WilliamsMcCarthy LLP, for its Answer to the Affirmative Defenses of Defendant, TIG INSURANCE COMPANY as successor by merger to INTERNATIONAL INSURANCE COMPANY (hereinafter "International"), states as follows:

### FIRST AFFIRMATIVE DEFENSE

1.    The Complaint fails to state a claim against TIG upon which relief may be granted.

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 1 of the Affirmative Defenses.

### SECOND AFFIRMATIVE DEFENSE

2.    The Park District's claims against TIG may be barred, in whole or in part, by the doctrine of laches, waiver, release, accord and satisfaction, estoppel, unclean hands and/or by the applicable Statute of Limitations.

Answer to Affirmative Defenses.wpd                1

**ANSWER:** Plaintiff, Rockford Park District denies the allegations contained in Paragraph 2 of the Affirmative Defenses.

### THIRD AFFIRMATIVE DEFENSE

3.     The Park District's claims against TIG may be barred, in whole or in part, because all conditions precedent and subsequent to the establishment of liability coverage or duty to defend, if any, under the policy issued by International have not been satisfied or fulfilled.

**ANSWER:** Plaintiff, Rockford Park District denies the allegations contained in Paragraph 3 of the Affirmative Defenses.

### FOURTH AFFIRMATIVE DEFENSE

4.     The International policy only provides coverage for an "occurrence" happening during the policy period as defined in the policy.  Some or all of the circumstances for which the Park District seeks coverage, may not constitute an "occurrence," may not have been fortuitous, contingent or unknown risks or may have been circumstances which were "expected" or "intended" from the standpoint of the insured, as those terms are used and/or defined in the policy issued by International, thus precluding coverage.

**ANSWER:** Plaintiff, Rockford Park District denies the allegations contained in Paragraph 4 of the Affirmative Defenses.

### FIFTH AFFIRMATIVE DEFENSE

5.     The International policy does not apply to damage to or destruction or loss of property owned by the Insured. Some or all of the circumstances for which the Park District seeks coverage, may include damage to or destruction or loss of property owned by the Insured, thus precluding coverage for those damages.

Answer to Affirmative Defenses.wpd                              2

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 5 of the Affirmative Defenses.

### SIXTH AFFIRMATIVE DEFENSE

6.    There may be no coverage for some or all of the claims because such claims may not be based upon a "loss," "property damage," "bodily injury," "personal injury," or "occurrence" as those terms are used and defined in the International policy or any form of damage or "damages" as to which coverage is afforded under the terms and conditions of the International policy.

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 6 of the Affirmative Defenses.

### SEVENTH AFFIRMATIVE DEFENSE

7.    The International policy may not apply to remedial actions or costs thereof or to damages for injury to, destruction of, or loss of natural resources, including the cost of assessing such injury, destruction, or loss.  The International does not cover ordinary business expenses which the Park District was required to incur for conservation and environmental cleanup as part of its ongoing business operations**.**

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 7 of the Affirmative Defenses.

### EIGHTH AFFIRMATIVE DEFENSE

8.    To the extent some or all of the liabilities for which the Park District may seek coverage arise solely or primarily from circumstances, injury and/or loss which did not take place during any effective period of coverage provided by the International policy, there is no coverage.

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 8 of

the Affirmative Defenses.

## NINTH AFFIRMATIVE DEFENSE

9.      The International policy does not provide coverage for, or excludes from coverage, loss or damage which constitutes, represents, or arises out of fines, penalties or punitive or exemplary damages.  Moreover, some or all of the insured's claims may be barred by considerations of public policy. the event that any claim by the insured is construed to seek punitive damages, recovery of such punitive damages is unconstitutional in that they violate the excessive fines clause of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and corresponding provisions of the applicable Illinois State Constitution.

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 9 of the Affirmative Defenses.

## TENTH AFFIRMATIVE DEFENSE

10.      The International policy does not provide coverage for, or excludes from coverage, loss or damage which constitutes, represents, arises out of claims, demands or suits seeking non pecuniary or injunctive relief.

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 10 of the Affirmative Defenses.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      The International policy does not apply to claims or losses alleged to be based upon or attributable to intentional misconduct, willful, wanton or reckless behavior, or activity that is in violation of any statute, regulation, ordinance or instruction of any government body or public policy.

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 11 of the Affirmative Defenses.

## TWELFTH AFFIRMATIVE DEFENSE

12.    The Park District's claims against TIG may be barred and precluded or limited in whole or in part, by the provisions, terms, exclusions, definitions, limitations and conditions of the International policy.

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 12 of the Affirmative Defenses.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    To the extent that costs and expenses claimed to have incurred were neither reasonable nor necessary, or were incurred voluntarily or without the prior written consent of TIG, coverage is precluded.

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 13 of the Affirmative Defenses.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Upon information and belief, the International policy does not apply to claims arising out of liability of others which have been assumed under a contract, merger or agreement.

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 14 of the Affirmative Defenses.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Any recovery against International must be reduced to the extent the damages were not mitigated, minimized or avoided.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 15 of the Affirmative Defenses.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     TIG's liability, if any, under the International policy does not attach unless and until all the self-insured retentions and/or deductibles (including self-insured retentions and/or deductibles that apply "per occurrence") have been paid by the insured.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 16 of the Affirmative Defenses.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     To the extent the Park District, or its affiliates, agents, brokers or other representatives, intentionally or unintentionally, failed to disclose, concealed, omitted or misrepresented facts material to the risks at issue in this litigation to International, all claims under the International policy at issue herein are barred and, furthermore, the equitable doctrines of rescission and reformation may apply.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 17 of the Affirmative Defenses.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     To the extent any insurance at the same level of coverage of the policy issued by International were issued by an insurance carrier that is now or in the future becomes insolvent, the International policy does not "drop over".

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 18 of the Affirmative Defenses.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Upon information and belief, the insured has failed to perform all of its obligations under the International policy.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 19 of the Affirmative Defenses.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     To the extent that the claims alleged in Plaintiffs' Complaint arose out of hazards, conditions, risks or losses known to the insured before the effective date of the International policy, such claims are barred.  Also, the International policy does not provide coverage for losses, claims, or harm already in existence prior to the effective date of such policy.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 20 of the Affirmative Defenses.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     TIG seeks and asserts a set-off of any liability based upon the existence of applicable coverage.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 21 of the Affirmative Defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     There is no coverage for claims based on public or private nuisance because such claims do not constitute "bodily injuries," "personal injury," or "property damage" as those terms are defined in the International policy.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 22 of

the Affirmative Defenses.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     The Park District's claims may be barred in whole or in part by reason of the existence of other insurance policies, including policies with respect to which the International policy was previously, subsequently or contemporaneously effective, and by reason of the "other insurance" clause contained in the International policy.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 23 of the Affirmative Defenses.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE.

24.     The Park District was at all times represented by counsel of its choosing with regard to the underlying claims or suits, and no harm, injury or damage resulted from TIG's coverage positions, which are well grounded in fact and in law.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 24 of the Affirmative Defenses.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     TIG's liability, if any, is restricted to the per occurrence per policy period limit and/or aggregate limit as stated in the International policy at issue herein.  Coverage under the International policy is barred, in whole or in part, to the extent any applicable per occurrence and/or aggregate limit has been impaired by prior payments.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 25 of the Affirmative Defenses.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     The International policy may exclude coverage for damages to premises that were sold, given away, abandoned, or alienated.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 26 of the Affirmative Defenses.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Any liability of TIG under the International policy must be reduced by the proper allocation of liability among all applicable insurance policies.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 27 of the Affirmative Defenses.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     The International Policy No. 500205228 was initially issued for the period January 1, 1984 to January 1, 1987, but was cancelled effective January 1, 1986.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 28 of the Affirmative Defenses.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     To the extent TIG was not afforded timely, sufficient and appropriate written notice of losses, claims, occurrences and/or suits, as required by the International policy, coverage is barred.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 29 of the Affirmative Defenses.

## THIRTIETH AFFIRMATIVE DEFENSE

30.    To the extent the International policy contains a pollution and/or contamination exclusion, such exclusion may exclude coverage for the underlying environmental claims against Plaintiff.

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 30 of the Affirmative Defenses.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    To the extent TIG makes any payment to Plaintiff under the International policy at issue, TIG is subrogated to Plaintiff's rights of recovery against any person relating to the loss for which payment was made.

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 31 of the Affirmative Defenses.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    To the extent Plaintiff cannot prove the existence or material terms and exclusions of the allegedly issued insurance policies under which it seeks coverage, Plaintiff is denied any coverage under such lost policy(ies).

**ANSWER:**    Plaintiff, Rockford Park District denies the allegations contained in Paragraph 32 of the Affirmative Defenses.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    To the extent some or all of the costs for which Plaintiff may seek coverage were incurred, paid, due or owing solely or in part prior to notice being provided to TIG, such pretender costs are not recoverable.

Answer to Affirmative Defenses.wpd                    10

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 33 of the Affirmative Defenses.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     To the extent the International policy responds to Plaintiff's claim, the defense costs are included within the policy limits and erode the limits.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 34 of the Affirmative Defenses.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     TIG reserves the right to offer additional defenses which cannot now be articulated due to the Park District's failure to particularize its claims or due to the Park District's failure to attach to its Complaint complete and accurate copies of the International insurance policy or copies of any other critical documents that may bear on the Park District's alleged insurance, or due to the Park District's failure to provide more specific information concerning the nature of the environmental claims for which it seeks coverage.  Upon further particularization of the claims by the Park District or upon discovery concerning the terms, provisions, conditions, limitations and exclusions of the International policy, or upon discovery of further information concerning the Park District's environmental claims, TIG reserves the right to assert additional defenses or supplement, revise or omit those asserted herein.

**ANSWER:**     Plaintiff, Rockford Park District denies the allegations contained in Paragraph 35 of the Affirmative Defenses.

WHEREFORE, the ROCKFORD PARK DISTRICT respectfully prays that this Court enter judgment in its favor against INTERNATIONAL, finding coverage for the subject underlying suit, and for any other and further relief this court deems just.

Dated this _____1st_____ day of August, 2008

THE ROCKFORD PARK DISTRICT, an Illinois
Unit of Local Government, Plaintiff,

By:     WILLIAMSMcCARTHY LLP

By:___/s/ Marc C.  Gravino_____
          Marc C. Gravino

Marc C. Gravino
WILLIAMSMcCARTHY, LLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219
Telephone: (815) 987-8900

Answer to Affirmative Defenses.wpd                12

## CERTIFICATE OF LAWYER AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

1.     On August 1, 2008, the foregoing document was electronically filed with the
       District Court Clerk via CM/ECF filing system.


_____    /s/ Marc C.  Gravino    _____


Marc C. Gravino
WILLIAMS MCCARTHY, LLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219
Telephone: (815) 987-8900